## JONES v. NEW ORLEANS PUBLIC SERVICE, Inc.*

### No. 13990.

Court of Appeal of Louisiana. Orleans.

Jewell A. Sperling, of New Orleans, for appellant.

Ivy Kittredge, of New Orleans, for appellee.

HIGGINS, J.

This is an action ex delicto to recover damages for personal injuries claimed to have been sustained on September 24, 1930, at 10:30 o'clock a. m. The petition alleges that plaintiff was a passenger on the Laurel street car and received a transfer for the Jackson avenue car; that, while attempting to board the Jackson avenue car, with one foot on the step and one hand extended for the purpose of catching the handrail, the motorman, without any warning or signal, suddenly started the car causing her to be thrown to the pavement in the street, where she sustained a fracture of the left hip.

Defendant denied that plaintiff was in any way injured through the fault or negligence of its employees, and averred that the plaintiff fell from the concrete landing provided for passenger, either by losing her balance or slipping after the car had started.

There was judgment in favor of defendant

*Rehearing denied April 18, 1932.

dismissing plaintiff's suit, and she has appealed.

The record is rather voluminous, there being six witnesses for the plaintiff, including herself, and eleven witnesses for defendant, including the motorman and conductor. The version of the plaintiff and her witnesses as to how the accident occurred is that she had been a passenger on the Laurel street car, and had requested and received a transfer to the Jackson avenue car; that she was a woman about 53 years of age, and due to illness had to use a crutch, and, at the time of the accident, she also had in her arm a bundle; that she stood upon the concrete landing where passengers are received and discharged at the intersection of Jackson avenue and Annunciation street, and, when the car approached, she walked towards the rear in order to board it; that two white ladies ascended the steps before she did, and that after she had placed one foot on the lower step, and was reaching for the handle for the purpose of drawing herself up, the motorman without any signal, started the car causing her to be thrown into the street causing a fracture of her left hip.

The witnesses for defendant testified that they saw plaintiff standing on the concrete landing which is 10½" above the street, 54" wide and 59½" long; that there were two white ladies standing on the platform at the time; that as the car stopped the white ladies were close to the rear door and boarded the car; that the plaintiff was about midway between the front and the rear of the car and started to walk towards the rear door when the conductor closed the door, gave the signal, and the car started across the intersection of Annunciation street towards the lake; that the plaintiff, in attempting to hurry, either slipped or lost her balance and fell off the concrete platform into the street; that the street car after crossing the intersection stopped upon the motorman and conductor hearing a bystander cry out that some one had been hurt; that plaintiff was taken by two colored men, who were working in the vicinity, and placed on a bench at an oil station on the corner, and that from there she was taken to the Charity Hospital in the ambulance. Defendant's witnesses, five of whom were disinterested parties, all testify that the street car in no way touched the plaintiff or caused her to fall, and denied that she was anywhere near the rear door or step at the time she fell.

We have carefully read the record, and it is utterly impossible to reconcile the testimony of plaintiff's and defendant's witnesses. If the accident occurred in the manner related by plaintiff and her witnesses she would clearly be entitled to recover. On the other hand, if the version of defendant's witnesses be accepted as true, then defendant is without fault. It is neither contended nor claimed that there was anything on the concrete platform which would have made plaintiff fall or lose her balance. Plaintiff predicated her whole case on the premature starting of the car while she was in the act of boarding it.

There is the usual conflict in the testimony of the witnesses as to how the accident occurred and who was present at the time, but a thorough reading of the record leaves us convinced that the preponderance of the evidence is with the defendant showing that it was free from fault. This was the view of the learned trial judge, and our conclusions are in accord with his findings.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.